## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | | |
|---|---|---|
| DAWN ALLEN, on behalf of herself and all others similarly situated, | ) ) ) | Case No. _____ |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **CLASS ACTION COMPLAINT** |
| GCC ALLIANCE CONCRETE, INC., and STEVEN VANDEBRAKE, | ) ) ) | **Jury Trial Demanded** |
| Defendants. | ) | |

Plaintiff, Dawn Allen ("Plaintiff"), on behalf of herself and a class of all others similarly situated, brings this federal antitrust action for treble damages against Defendants, GCC Alliance Concrete, Inc. and Steven VandeBrake ("Defendants").

### NATURE OF THE CASE

1.     Plaintiff brings this lawsuit as a class action on behalf of all individuals and entities that purchased ready mix concrete in the United States from Defendant GCC Alliance Concrete, Inc. its predecessors, subsidiaries or co-conspirators from at least January 1, 2006 through August 31, 2009 (the "Class Period"). Plaintiff alleges that during the Class Period, Defendants conspired to fix, raise, maintain or stabilize prices for ready mix concrete sold in the United States. Defendant VandeBrake has admitted to the price fixing and bid rigging alleged herein. Because of Defendants' unlawful conduct, Plaintiff and the other class members paid more for ready mix concrete than they would have in the absence of Defendants' alleged conduct.

81956

## JURISDICTION AND VENUE

2.      Plaintiff brings this action pursuant to Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, to recover damages and costs of suit, including reasonable attorneys' fees, as the result of Defendant's violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

3.      Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1337 and by Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15, 26.

4.      Venue is proper in this district pursuant 28 U.S.C. § 1391(b) and (c) and by Section 12 of the Clayton Act, 15 U.S.C. § 22.

5.      Defendant is incorporated in this District, transacts business in this District and the cause of action arose, in part, within this District.   The interstate trade and commerce described herein is and has been carried out, in part, within this District.   The unlawful acts done in violation of the Sherman Act occurred, including, but not limited to, conspiratorial meetings, within this district.

## PARTIES

6.      Plaintiff Dawn Allen is a resident of Sloan, Iowa in Woodbury County.   Plaintiff Allen purchased ready mix concrete directly from Defendant Alliance during the Class Period.

7.      Defendant GCC Alliance Concrete, Inc. ("Alliance") is an Iowa corporation with its principal place of business in Orange City, Iowa.   Defendant produced and sold ready mix concrete to purchasers in Iowa, Minnesota, South Dakota and Nebraska and the United States during the Class Period.   GCC Alliance Concrete, Inc., is the successor company to Alliance Concrete, formed by a 2005 merger of Joe's Ready Mix and Russell's Ready Mix.

81956

2

8.      Defendant Steven VandeBrake is a resident of Iowa.  During the Class Period,

VandeBrake was the President of Defendant Alliance's predecessor company, and was Sales

Manager at Alliance and personally participated in the acts complained of here.   VandeBrake

managed Alliance's business operations, including pricing decisions.

## CO-CONSPIRATORS

9.      Various other persons, firms or corporations, not yet named as defendants in this

lawsuit, participated as co-conspirators with Defendant in the offenses alleged and performed

acts and made statements in furtherance thereof.    Defendant VandeBrake has admitted to

conspiring with at least three other ready mix concrete companies.

## CLASS ACTION ALLEGATIONS

10.     Plaintiff brings this action on behalf of herself and as a class action under the

provisions of Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the

following class:

> All persons and entities that purchased ready mix concrete in the
> United States directly from Defendant Alliance from at least
> January 1, 2006 to August 31, 2009.

> Excluded from the class is Defendant, its parents, subsidiaries or
> affiliates, as well as any co-conspirators.

11.     Plaintiff does not know the exact size of the class, since such information is in the

exclusive control of Defendants.   However, based on the nature of the trade and commerce

involved, Plaintiff believes that the class numbers in the hundreds, if not thousands, and that the

members of the class are geographically dispersed throughout Iowa, Minnesota, South Dakota

and Nebraska.  Therefore, joinder of all members of the class would be impracticable.

81956

12.     There are questions of law or fact common to the class, including, but not limited

to:

    a.   whether Defendants conspired with others to fix, raise, maintain or stabilize the prices of ready mix concrete sold in the United States;

    b.   whether Defendants conspired with others to allocate markets for ready mix concrete sold in the United States;

    c.   whether Defendants' conduct caused injury to the business or property of Plaintiff and the class members and, if so, the appropriate class-wide measure of damages; and

    d.   whether Defendants took steps actively to conceal its conspiracy.

These and other questions of law and fact predominate over any questions affecting only individual members of the class.

13.     The claims of Plaintiff are typical of the claims of the class in that Plaintiff is a direct purchaser of ready mix concrete whose purchases were, in all relevant respects, typical of purchases by other class members, and the relief sought by Plaintiff is common to the class.

14.     Plaintiff will fairly and adequately protect the interests of the class in that Plaintiff is a typical purchaser of ready mix concrete, has no conflicts with any other members of the class and is represented by experienced and able antitrust, class action counsel.  Further, the interests of Plaintiff are coincident with, and not antagonistic to, those of the class members.

15.     Class action treatment is superior to the alternatives, if any, for the fair and efficient adjudication of the controversy described herein, because such treatment permits a large number of injured persons to prosecute their common claims in a single forum simultaneously, efficiently and without unnecessary duplication of evidence and effort.  Class treatment also permits the adjudication of claims by smaller class members who could not afford to individually litigate an antitrust claim against a large corporate defendant.

81956

## TRADE AND COMMERCE

16.     Defendant   Alliance   manufactures   and   sells   ready   mix   concrete   either independently or as part of a joint venture or merger.  The ready mix concrete manufactured and/or sold by Defendant Alliance is comparable to and interchangeable with the ready mix concrete products manufactured and sold by Defendant's competitors.

17.     During the Class Period, Defendant sold ready mix concrete in a continuous and uninterrupted flow of interstate commerce, to customers located in countries and states other than the countries or states in which Defendant produced ready mix concrete.  The business activities of Defendant was thus within the flow of, and substantially affected, interstate trade and commerce.

## FACTS

18.     Ready mix concrete is a product whose ingredients include cement, aggregate (sand and gravel), water, and, at times, other additives.  Ready mix concrete is made on demand and, if necessary, is shipped to work sites by concrete mixer trucks.  It is purchased by do-it-yourself customers and commercial customers, for use in various construction projects, including but not limited to housing (walls, basements and foundations), as foundations for grain bins, barns and other farm buildings, and for sidewalks, driveways, roads and parking ramps.

19.     During all or part of the Class Period, Defendant and its co-conspirators produced and sold ready mix concrete to purchasers in the United States, primarily in the Northwest corner of Iowa, and the surrounding counties in Minnesota, South Dakota and Nebraska.  These business activities substantially affected interstate trade and commerce.  Moreover, the ready mix concrete produced and sold by Defendant is comparable to and interchangeable with the ready mix concrete produced and sold by Defendant's competitors.

81956

20.     On April 26, 2010, the United States Department of Justice and the Federal Bureau of Investigation announced that Defendant VandeBrake had agreed to plead guilty and pay a $100,000 criminal fine, for conspiring and fixing the price of ready mix concrete in violation of the Sherman Action.  VandeBrake has agreed to plead guilty and serve 19 months in jail for his participation in the schemes.

## VIOLATIONS ALLEGED

21.     Beginning at least as early as January 1, 2006 through at least August 31, 2009, Defendants and its co-conspirator(s) entered into and participated in a combination and conspiracy to suppress and eliminate competition by fixing the prices of ready mix concrete sold in Iowa and elsewhere.  This combination and conspiracy, which consisted of a continuing agreement, understanding and concert of action to raise, fix and maintain the prices for the sale of ready mix concrete sold throughout the United States and elsewhere, was an unreasonable restraint of trade and commerce in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

22.     For the purpose of forming and carrying out their combination and conspiracy, Defendants and its co-conspirators did those things that they combined and conspired to do, including, among other things:

a.     engaging in discussions concerning price increases for Defendant Alliance and its co-conspirators' annual price lists for ready mix concrete;

b.     agreeing to raise prices on their price lists for ready mix concrete;

c.     engaging in discussions concerning project bids for sales of ready mix concrete;

d.     agreeing to submit rigged bids at collusive and noncompetitive prices;

81956

6

e.   submitting bids and sold ready mix at collusive and noncompetitive prices; and

f.   accepting payment of sales of ready mix concrete at collusive and noncompetitive prices.

23.   Defendants and their co-conspirators engaged in the activities described in the foregoing paragraphs in furtherance of their conspiracy and for the purpose of effectuating the unlawful contract, combination and conspiracy described herein. Defendant VandeBrake has admitted his participation in the above-alleged conduct. Defendants and their co-conspirators are jointly and severally liable for all damages caused by their conspiracy.

## FRAUDULENT CONCEALMENT

24.   Until recently, neither Plaintiff nor the class members had knowledge of any of the violations alleged herein. Further, neither Plaintiff nor the class members, until recently, could have discovered, by the exercise of reasonable diligence, that Defendants and their co-conspirators had engaged in the violations alleged herein since Defendant and their co-conspirators actively and fraudulently concealed these violations to obscure their illegal activity.

25.   Defendants successfully engaged in an illegal price-fixing conspiracy that, by its nature, was inherently self-concealing.

26.   Plaintiff and the class members could not have discovered the alleged contract, combination and conspiracy at an earlier date by the exercise of reasonable diligence because of the deceptive practices and techniques secretly employed by Defendants and their co-conspirators to avoid detection of, and to fraudulently conceal, their contract, combination and conspiracy. Defendants fraudulently concealed the contract, combination and conspiracy herein alleged by various means and methods, including, but not limited to, secret and surreptitious communications.

81956

7

27.     The affirmative actions of the Defendants herein alleged were wrongfully concealed and carried out in a manner that precluded detection.

28.     By virtue of the fraudulent concealment by Defendant and their co-conspirators, the running of any statute of limitations has been tolled and suspended with respect to any claims that Plaintiff and the other class members have as a result of the unlawful contract, combination and conspiracy alleged in this Complaint

## EFFECTS/DAMAGES

29.     Defendants' contract, combination and conspiracy had the following effects, which have been admitted to by Defendant VandeBrake, among others:

a.      prices charged by Defendant and its respective subsidiaries and co-conspirators to Plaintiff and the members of the class were maintained at artificially high and non-competitive levels;

b.      buyers of ready mix concrete were deprived of free and open competition in the purchase of ready mix concrete; and

c.      competition in the sale of ready mix concrete was unreasonably restrained.

30.     During and throughout the Class Period, Plaintiff and members of the class purchased ready mix concrete from Defendant, their respective subsidiaries, affiliates and/or co-conspirators.

31.     As a direct and proximate result of Defendant and its co-conspirators' illegal contract combination and conspiracy, Plaintiff and the members of the class were injured and financially damaged in their businesses and property in that they paid more for ready mix concrete than they would have in the absence of unlawful activities of Defendants and their co-conspirators.  The total amount of damages is presently undetermined.

81956

## PRAYER FOR RELIEF

32.     WHEREFORE, Plaintiff prays as follows:

a.      That the Court determines that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure;

b.      That the aforesaid contract, combination and conspiracy, and the acts done in furtherance thereof by Defendants, be adjudged to have been in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, and that Plaintiff and the members of the class have been injured in their businesses and property as a result of such violations;

c.      That judgment be entered for Plaintiff and the members of the class against Defendants for three-fold the amount of damages sustained by Plaintiff and the class as allowed by law, and that Defendant be enjoined from further involvement in the described alleged conduct, together with the costs of this action, including reasonable attorneys' fees; and

d.      That Plaintiff and members of the class have such other, further and different relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

33.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all the issues triable of right by jury.


Dated:   May 13, 2010                          Respectfully submitted,



                                               _____
                                               Jeffrey T. Myers

                                               **HUTCHISON, MYERS, ECKERT & VOHS**
                                               705 Douglas Street, Suite 402
                                               Sioux City, Iowa 51101
                                               Telephone: (712) 255-0001
                                               Facsimile: (712) 255-3047
                                               Email: jeffreymyerslaw@aol.com

81956

9

Vincent J. Esades
Renae D. Steiner
**HEINS MILLS & OLSON, P.L.C.**
310 Clifton Avenue
Minneapolis, MN 55403
Telephone: (612) 338-4605
Facsimile: (612) 338-4692
Email: vesades@heinsmills.com
rsteiner@heinsmills.com

Brian M. Sund
Jackson D. Bigham
**MORRISON FENSKE & SUND, P.A.**
5125 County Road 101, Suite 202
Minnetonka, MN 55345
Telephone: (952) 975-0050
Facsimile: (952) 975-0058
Email: bsund@morrisonfenske.com
jbigham@morrisonfenske.com

81956